THE VILLAGE OF HIGHLAND PARK v. THE DETROIT & BIRMINGHAM PLANK-ROAD COMPANY.

*Plank roads—Constitutional law—Obligation of contracts—Maintenance of toll-gates.*

1. Act No. 219, Laws of 1879 (How. Stat. § 3596), which provides that no plank-road company shall, without the consent of the local authorities, keep or maintain a toll-gate within the corporate limits of any city or village, is unconstitutional; citing *City of Detroit v. Plank-Road Co.*, 43 Mich. 140.

2. The agreement of a plank-road company with certain property-owners to remove one of its toll-gates, and thereafter to maintain none on a specified portion of its road, is a matter in which an adjoining municipality, within the limits of which a gate is established in consequence of such agreement, has no concern, and the company cannot be compelled to yield more of its privileges because it has seen fit to make said agreement.

Appeal from Wayne. (Reilly, J.) Argued March 10, 1893. Decided May 31, 1893.

Bill to restrain a plank-road company from establishing, keeping, or maintaining a toll-gate within the limits of complainant village. Defendant appeals. Decree reversed, and bill dismissed. The facts are stated in the opinion.

*H. E. Spalding*, for complainant.

*Frank B. Leland* (*Sidney T. Miller*, of counsel), for defendant.

HOOKER, C. J. The defendant, a plank-road company, has for many years maintained a toll-gate at a point south of the village of Highland Park, a suburb of Detroit. In consideration of the sum of $5,000, it agreed to remove said toll-gate, and thereafter to maintain no toll-gate within five miles of the city hall in Detroit, and to col-

lect no tolls of persons traveling over the portion of the road south of the gate to be established beyond said five mile limit, except such as should pass through said gate. Complainant, through its officers, thereupon filed the bill in this cause to restrain defendant from establishing, keeping, or maintaining a toll-gate within the limits of said village of Highland Park, which it alleged defendant was about to do. A temporary injunction was allowed, which upon the hearing of the case was made permanent. From this decree the defendant appealed.

The defendant corporation was organized under the general act for the establishment of plank roads, passed in 1848. The complainant relies upon an amendment to said act passed in 1879 (Laws of 1879, p. 197), which provided, among other things, that—

"No plank-road company organized subject to the provisions of this act shall, without the consent of the local authorities, keep or maintain a toll-gate within the present or future corporate limits of any city or village."

Under another provision of this amendatory act, requiring plank-road companies to discontinue and remove toll-gates existing within the limits of any city or village to points beyond their limits, within 60 days after being notified to do so by the authorities thereof, the city of Detroit attempted to compel the removal of a toll-gate beyond its limits; but upon a hearing of the case the Court held the law unconstitutional, in that it impaired the obligation of contracts, and sought to divest plank-road companies of property which they had rightfully acquired. *City of Detroit v. Detroit & Howell Plank-Road Co.*, 43 Mich. 140.

Counsel attempts to distinguish that case from the present on the ground that the defendant proposes to erect a toll-gate where none had previously existed. We see no difference in principle between the cases. The plank-road

act gave to the defendant a right to build and maintain its gates where it might deem necessary, which is as much one of its contract rights as to maintain an existing gate would be; while to compel it to surrender half a mile of its road in Highland Park is, in principle, exactly the same as to take two or more miles from the Detroit & Howell Company, in the city of Detroit.     How. Stat. § 3582; *City of Detroit v. Plank-Road Co.*, 12 Mich. 333; *Chope v. Plank-Road Co.*, 37 Id. 197.

The agreement by which defendant removes its toll-gate, and refrains from collecting tolls over a portion of its road, does not injure the public, but may reasonably be supposed to be beneficial.     It is a matter in which the complainant has no concern, and it cannot compel the defendant to yield more of its privileges because it has seen fit to yield some of them.

The decree of the court below must be reversed, and complainant's bill dismissed.

McGRATH, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.